■ In the Matter of CHARLES R. MILFORD, JR., as Surrogate.— Order for destruction of records entered.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY E. MOLES, Appellant, against ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— Motion to appeal as a poor person denied on the ground that the papers fail to show merit to the appeal.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM SANDERS, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Motion to appeal as a poor person and for other relief denied on the ground that the papers fail to show merit to the appeal.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROY FOSTER, Appellant.— Motion granted and appeal dismissed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT L. WILLIAMS, Appellant.— Motion to appeal as a poor person and for other relief denied on the ground that the papers fail to show merit to the appeal.

## (March 20, 1959)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM NUNEMAKER, Appellant.— Order reversed and matter remitted to the Erie County Court for a hearing. Memorandum: The petition for a writ of error *coram nobis* was opposed by the affidavit of the Assistant District Attorney in which it was stated that the papers available in the County Clerk's office " indicate " certain facts and circumstances stated in summary form. The order of the County Court denying the application recites: " Now, upon reading and filing the moving papers of the defendant, the answering affidavit of Robert A. Burrell, Assistant District Attorney, the ' rebuttal ' affidavit of the defendant-petitioner, *and upon all of the papers and proceedings heretofore had under the above numbered indictment,* and due deliberation having been had thereon, it is hereby ". (Emphasis supplied.) The papers and proceedings upon which the order is purported to have been made are not identified in either the affidavit of the Assistant District Attorney or in the recitals contained in the order of the court. In this situation it is not possible for an appellate court to intelligently review the order appealed from. The petition obviously prepared by the petitioner without the aid of counsel, while vague and conclusory in many respects, may nevertheless be so construed as to entitle petitioner to a hearing in the absence of a conclusive showing that the allegations of the petition are false. The affidavit of the Assistant District Attorney may not be strengthened by quoting in his brief excerpts from records which are not shown to have been before the court. The order appealed from should be reversed and, in view of the confusing state of the record, a hearing should be had to develop the facts. All concur. (Appeal from an order of Erie County Court denying an application for a writ of error *coram nobis,* without a hearing.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATSY SENZEREVENIO, Alias PATSY SENZARINO, Appellant.— Order affirmed. All concur. (Appeal from an order of Onondaga County Court denying defendant's application to vacate a judgment of conviction rendered May 1, 1950, without a hearing.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.